UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA INC.,<br><br>    Defendant. | Case No. 1:24-cv-01126-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 10)<br><br>ORDER CONTINUING MARCH 14, 2025, MID-DISCOVERY STATUS CONFERENCE TO MARCH 28, 2025, AT 9:30 AM<br><br>(Doc. 9) |

**Background**

Plaintiff David Lopez ("Plaintiff") initiated this action with the filing of a complaint on August 19, 2024, in the Kern County Superior Court, case number BCV-24-102787. (Doc. 1). Defendant Subaru of America, Inc. ("Defendant") removed the action to this Court on September 20, 2024. (*Id*.). On December 20, 2024, the Court entered the operative Scheduling Order setting forth discovery dates and deadlines and directing the parties to appear for the mid-discovery status conference on March 14, 2025, and to file a joint status report no later than one week in advance (*i.e.*, no later than March 7, 2025). (Doc. 9).

When the parties failed to comply with the Court's order to timely file the joint status report, on March 10, 2025, the Court entered an order noticing the parties as to their delinquency in making the filing and directing Plaintiff to file the joint status report within two (2) days. (Doc. 10).

Plaintiff was forewarned that "[a]ny failure by Plaintiff to timely comply with this order may result in the imposition of sanctions, up to and including dismissal of the action." (*Id.*). Plaintiff's deadline to file the joint status report has passed and Plaintiff has filed neither the report nor a request for extension nor otherwise explained to the Court the grounds for his continuing delinquency.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate

disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." (*Id.*).

**Discussion**

Here, despite the Court's operative Scheduling Order directing the parties to timely file the joint status report one week in advance of the mid-discovery status conference and the Court's March 10, 2025, order directing Plaintiff to remedy the noncompliance, Plaintiff has failed to comply with the Court's orders. *See* (Docs. 9, 10). Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files the joint status report. Plaintiff's filing of the joint status report on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

**Conclusion and Order**

Based on the foregoing, it is **HEREBY ORDERED**, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff files the joint status report with this Court.

It is **FURTHER ORDERED** that the March 14, 2025, mid-discovery status conference (Doc. 9) is CONTINUED to March 28, 2025, at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **March 13, 2025**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE

3