1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| DAVID LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA INC.,<br><br>Defendant. | Case No. 1:24-cv-01126-KES-CDB<br><br>**ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR**<br><br>(Docs. 10, 11)<br><br>**ORDER VACATING MID-DISCOVERY STATUS CONFERENCE**<br><br>(Doc. 11)<br><br><u>March 24, 2025, Deadline</u> |

12
13
14
15
16
17
18
19
20
21

**Background**

Plaintiff David Lopez ("Plaintiff") initiated this action with the filing of a complaint on August 19, 2024, in the Kern County Superior Court, case number BCV-24-102787.  (Doc. 1). Defendant Subaru of America, Inc. ("Defendant") removed the action to this Court on September 20, 2024.  (*Id*.).  On December 20, 2024, the Court entered the operative Scheduling Order setting forth discovery dates and deadlines and directing the parties to appear for the mid-discovery status conference on March 14, 2025, and to file a joint status report no later than one week in advance (*i.e.*, no later than March 7, 2025).  (Doc. 9).

1

When the parties failed to comply with the Court's order to timely file the joint status report, on March 10, 2025, the Court entered an order noticing the parties as to their delinquency in making the filing and directing Plaintiff to file the joint status report within two (2) days.  (Doc. 10).  Plaintiff was forewarned that "[a]ny failure by Plaintiff to timely comply with this order may result in the imposition of sanctions, up to and including dismissal of the action."  (*Id.*).  When the deadline for Plaintiff to file the joint status report passed without the filing of either the report or a request for extension or any other filing explaining the delinquency, the Court entered an order imposing a $100.00 daily sanction, to continue to be imposed each day thereafter until Plaintiff filed the joint status report.  (Doc. 11).

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent

power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." (*Id*.).

**<u>Discussion</u>**

Here, despite the Court's operative Scheduling Order directing the parties to timely file the joint status report one week in advance of the mid-discovery status conference, the Court's March 10, 2025, order directing Plaintiff to remedy his noncompliance in filing the joint status report, and the order directing Plaintiff to pay sanctions for his continuing failure to make the filing, Plaintiff has failed to comply with the Court's orders.  *See* (Docs. 9, 10, 11).  As of the date of this order, daily sanctions have reached a total amount presently in arrears of $900.00.  Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Plaintiff and his counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the cumulative daily sanctions now owed.

To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on March 13, 2025, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the Court's orders noted above and this order.

1    **Conclusion and Order**

2       Based on the foregoing, it is **HEREBY ORDERED**, that on or before March 24, 2025,

3    Plaintiff David Lopez and counsel Michael James Avila and/or Neal F. Morrow shall show cause

4    in writing why the cumulative, previously imposed sanction and daily sanction amount set to reach

5    $900.00 as of the date of this order (March 21, 2025), shall not be jointly and severally imposed,

6    why such sanction shall not be reported to the State Bar of California, and why daily sanctions shall

7    not continue to be imposed.

8    IT IS SO ORDERED.

9    Dated:   **March 21, 2025**

10                                                   UNITED STATES MAGISTRATE JUDGE