UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUBARU OF AMERICA INC.,<br><br>　　　　Defendant. | Case No. 1:24-cv-01126-KES-CDB<br><br>ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINTIFF TO PAY SANCTIONS<br><br>(Docs. 11, 13)<br><br>ORDER DISCHARGING MARCH 21, 2025, ORDER TO SHOW CAUSE<br><br>(Doc. 12)<br><br>**April 8, 2025, DEADLINE** |

**Relevant Background**

Plaintiff David Lopez ("Plaintiff") initiated this action with the filing of a complaint on August 19, 2024, in the Kern County Superior Court, case number BCV-24-102787. (Doc. 1). Defendant Subaru of America, Inc. ("Defendant") removed the action to this Court on September 20, 2024. (*Id.*). On December 20, 2024, the Court entered the operative Scheduling Order setting forth discovery dates and deadlines and directing the parties to appear for the mid-discovery status conference on March 14, 2025, and to file a joint status report no later than one week in advance (*i.e.*, no later than March 7, 2025). (Doc. 9).

When the parties failed to comply with the Court's order to timely file the joint status

1

1    report, on March 10, 2025, the Court entered an order noticing the parties of their delinquency in
2    making the filing and directing Plaintiff to file the joint status report within two (2) days. (Doc.
3    10). Plaintiff was forewarned that "[a]ny failure by Plaintiff to timely comply with this order may
4    result in the imposition of sanctions, up to and including dismissal of the action." (*Id.*). When
5    the deadline for Plaintiff to file the joint status report passed without the filing of either the report
6    or a request for extension or any other filing explaining the delinquency, the Court entered an
7    order imposing a $100.00 daily sanction, to continue to be imposed each day thereafter until
8    Plaintiff filed the joint status report. (Doc. 11).

9    On March 21, 2025, after Plaintiff had failed to pay accrued daily sanctions and the total
10   amount of sanctions imposed had reached the threshold requiring counsel to self-report to the
11   State Bar of California, the Court ordered Plaintiff and his counsel to show cause in writing on or
12   before March 24, 2025, why the cumulative, previously imposed sanction and daily sanction
13   amount set to reach $900 as of that date should not be jointly and severally imposed, why such
14   sanction should not be reported to the State Bar of California, and why daily sanctions should not
15   continue to be imposed. (Doc. 12 at 4). In its order, the Court noted that it "may accept a partial
16   reduction of the total amount of sanctions based on a clear and convincing demonstration of good
17   cause addressing the failure to timely pay the Clerk of Court the cumulative daily sanctions now
18   owed." (*Id.* at 3). Plaintiff and his counsel were forewarned that "nothing in this order suspends
19   the ongoing imposition of the daily sanctions that began on March 13, 2025, and the daily
20   sanctions will continue to accrue during the pendency of the response period indicated in this
21   order, until Plaintiff and counsel comply with the Court's orders noted above and this order."
22   (*Id.*).

23   **Discussion**

24   Pending before the Court is the declaration of Plaintiff's counsel, Michael Avila, in
25   response to the Court's order to show cause, filed on March 21, 2025. (Doc. 13). Plaintiff's
26   counsel declares that on February 7, 2025, the parties reached a settlement in principle and
27   "began working toward the conclusion of this case." (*Id.* ¶ 4). Plaintiff's counsel declares that
28   due "to an error checking the docket, [his] staff took the deadlines off calendar and [he] was

1 unaware that the deadline [to file a joint status report] was still pendent" and given this belief, he
2 asked his staff "to hold off on filing a Notice of Settlement as [the parties] had not yet received
3 the Settlement and Release Agreement until March 19, 2025." (*Id.* ¶¶ 5-6). Plaintiff's counsel
4 declares that he "was out of the office" the day after the Court entered the March 10, 2025,
5 minute order (Doc. 10) directing Plaintiff to file the belated joint status report at risk of the
6 imposition of sanctions and that he "was not aware that the Court was still awaiting the Joint
7 Status Report" until the date the Court entered its show cause order regarding accrued sanctions.
8 (*Id.* ¶¶ 7-8). Plaintiff's counsel declares he drafted his responsive declaration and directed his
9 staff to file a notice of settlement once he learned of the issue. (*Id.* ¶ 9). Plaintiff's counsel
10 apologizes for wasting the Court's time and resources "that resulted from these cascading issues,
11 and [he] has no justification for not noticing the lack of deadlines or the notice that the Court sent
12 on March 10 and its follow-up on March 13" as he "understands that it is [his] personal
13 responsibility to keep track of all dates and deadlines, and make sure the Court is apprised of the
14 status of the case." (*Id.* ¶ 10). Plaintiff's counsel therefore requests the Court excuse these
15 actions and apologizes for the issues arising from not timely filing the joint status report. (*Id.* ¶
16 11).

17 Counsel Avila was afforded multiple opportunities to file the joint status report in advance
18 of the mid-discovery status conference—which the Court was required to reschedule and
19 ultimately vacate—and his delinquencies thereby unnecessarily delayed the proceedings. *See,*
20 *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

21 Although in his declaration Counsel Avila appropriately expresses remorse and takes
22 accountability for his failure to timely make required filings and abide by this Court's orders, his
23 explanations for these shortcomings fall short of a "clear and convincing" showing of good cause
24 why sanctions should not be imposed or otherwise reduced. *See* (Doc. 12 at 3) ("The Court may
25 accept a partial reduction of the total amount of sanctions based on a clear and convincing
26 demonstration of good cause addressing the failure to timely pay to the Clerk of the Clerk the
27 cumulative daily sanctions now owed.").

28 First, Counsel Avila attests that the parties settled their disputes approximately one month

3

prior to the deadline for filing the joint mid-discovery status report, but that, because he had not received the anticipated settlement/release agreement, he directed his staff to not file a notice of settlement. (Doc. 13 ¶¶ 4, 6). This is inconsistent with Local Rule 160, which requires counsel to "immediately file a notice of settlement" once the action has been settled or otherwise resolved by agreement. *See* Local Rule 160(a).

Second, Counsel Avila offers no reasonable explanation for why he did not review and abide by either the Court's March 10 order directing the filing of the joint status report or the Court's March 13 order imposing daily sanctions. As for the March 10 order, Counsel Avila attests only that he was "out of the office" the day following issuance of the order, which does not excuse his failure to review that order the day it issued or when he next became available to review docket entries in this action. As for the Court's March 13 order imposing daily sanctions, Counsel Avila offers no explanation for why he did not become aware of and comply with that order until eight days later (*e.g.*, on the date the Court entered its show cause order).

While Counsel Avila appears to indicate his staff may be partly responsible for the misconduct cited herein (*see id.* ¶ 5), the Court notes that Rule 5.3 of the California Rules of Professional Conduct provides "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer," "a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer" and "shall be responsible for conduct of such a person[.]" *See* Cal. Rules Prof. Conduct 5.3(b) & (c). As such, under the circumstances, staff negligence or carelessness does not constitute a clear and convincing showing of good cause why sanctions should not be imposed or otherwise reduced.

The total accrued amount of daily sanctions now due is $800.00. As addressed above, while the Court does not find a clear and convincing basis for finding good cause to excuse Counsel Avila's carelessness, the Court notes that Plaintiff now has filed a notice of settlement (Doc. 14) and that the only deadline likely remaining in the case is the deadline for filing dispositional documents. *See* Local Rule 160(b). Accordingly, to deter Plaintiff and his counsel from future violations of the Court's orders and the Local Rules and to ensure they abide by all

4

applicable deadlines and continue to actively monitor docketed filings and notices in this case, the Court will reduce the total amount of sanctions now owed and impose a total sanction of $400.00. *See, e.g., Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished).

**Conclusion and Order**

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff shall pay the Clerk of the Court $400.00 in sanctions no later than **April 8, 2025**;
2. Plaintiff's counsel shall promptly file proof of payment with the Court once payment is made;
3. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from April 8, 2025, until full payment is received; and
4. The Court's order to show cause (Doc. 12) is HEREBY DISCHARGED.

**Any failure by Plaintiff to comply with this order will result in the imposition of sanctions, up to and including the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **March 24, 2025**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE